Ms. Saharsky, you may proceed. Good morning and may it please the Court. My name is Nicole Saharsky and I represent U.S. Venture. Our mixture qualifies for this tax credit. The credit applies when you mix an alternative fuel and a taxable fuel and Congress gave precise definitions of both of those. Butane is an alternative fuel because Congress defined alternative fuel to include seven And then everyone agrees that gasoline is a taxable fuel because it's on the list of the three taxable fuels. So just under a straightforward statutory interpretation, our mixture qualifies for the credit. The government takes a different approach and suggests that butane isn't an alternative fuel but is actually a taxable fuel. And they get there through some, really, some statutory manipulation going beyond the definition that Congress gave. So Congress defines taxable fuel for purposes of the credit as the items in subparagraphs A, B, and C of Section 4083A1. And if you look at those subparagraphs, Congress was very specific. It just lists three things, gasoline, diesel fuel, and kerosene. And the government's view of taxable fuel goes beyond those three things that Congress listed to a much more expansive definition that would swallow up a lot of alternative fuels and really wouldn't make any sense in the context of the credit. Ms. Saharsky, but 4083A by its terms is a definitional provision, is it not? It's a definitional provision that applies for purposes of the excise tax. It has that language right at the beginning of it. And when Congress was defining the credit, it gave a different definition and it said for purposes of the credit. So Congress was just, you know, the tax code is complicated and Congress was very precise. You know, for purposes of the credit, we have these definitions. For purposes of the excise tax, we have these different definitions. No, I understand that. I mean, that's exactly what you've laid out in your brief and you did so in a very articulate way, I must say. When you get, though, to 4083A1 capital A gasoline, isn't it just a standard part of statutory construction that if the same provision defines a term that's itemized, that you should read that definition and give it effect? We don't think that that's the case here for a couple of reasons. First of all, when Congress enacted the definition for the credit, which referenced the specific subparagraphs, the rest of the statute was already there. These other provisions were there and Congress didn't refer to them. And second, I think it's really important to look at what this next part of the statute, A2, actually does. It's not saying what gasoline is. It's expanding the conception of gasoline for purposes of the excise tax. It says that for purposes of the excise tax, gasoline includes other stuff. Things added to gasoline, which are the additives and the blend stocks, and then gasoline when it's mixed together with other fuels. The purpose of this was really to cover for the excise tax, the whole world of everything that could be sold at the pump. It's gasoline, it's stuff mixed into gasoline, it's gasoline when it's blended with other stuff. It just encompasses everything. But it wouldn't have made sense for Congress to use that definition for purposes of the tax credit because the tax credit is for mixtures. It's for mixing stuff with traditional fuels like gasoline. And this provision, A2, covers lots of things that are mixed in with gasoline. And so it just swallows up the alternative fuels that could be mixed in with gasoline. It just doesn't make sense. And so in this case, we think there was a good reason that Congress referred to these very specific subparagraphs, which is because using the rest of this definition just wouldn't make sense for the credit. There's a separate, I think, issue aside from just whether you should look at the second provision, A2, to try to expand the conception of gasoline, which is that butane by itself would never be considered a taxable fuel in the excise tax context. And this is the argument that we make about the component language, which is in provision A2. So I'm saying if you decide to go beyond what Congress said, part one, and go to part two, at the bottom of part two, it says that blend stocks have to be components of gasoline. And that's the government's argument is that butane is a blend stock. And the components of gasoline language is meaningful because you only consider butane to be a blend stock and therefore a taxable fuel when it's actually mixed into the gasoline. But this credit is talking about before you mix into the gasoline, what is butane? And it's clear even from the government's own regulations that if you're just looking at butane by itself, it wouldn't be considered a taxable fuel. And in fact, there's a government regulation that says that. That's 48-4041-8F, which says that LPGs such as butane are on the alternative fuel, special on the taxable fuel side. So I understand that this gets complicated, but it really only gets complicated if you start going down the path that the government suggested. If you stick with the path that Congress actually wrote, which is just looking at the three subparagraphs for taxable fuels, gasoline, diesel fuel, and kerosene, it all makes sense because those are traditional fuels that Congress wanted stuff blended into, the alternative fuels blended into. That's exactly what Congress was trying to encourage, that behavior. As a contextual factor, do you find it odd that the congressional record shows that from 2005 until approximately 2015, gas producers did not request AFM credits? I don't think that the record actually shows that. I think that it's an overstatement in the government's brief. And I would just suggest that we look very precisely at what the record shows. First of all, just for our own purposes, our company, U.S. Venture, we started blending butane into gasoline in 2012, and we sought the credit starting for the second quarter of 2013. So there wasn't a delay there. But if you look at the thing that the government actually cited, it's from the 2019 legislative history when Congress decided to get rid of the credit for butane. And then it said that there was some promotional literature in 2016, late 2016 or early 2017 that encouraged people to claim the credit for blending butane with gasoline. It doesn't say what anyone did before. It just doesn't. And there's nothing in our record about what any taxpayers did before. And to me, the thing that's the most telling is that the government's own form for claiming this credit and publication that tells you how to claim the credit from the period of 2006, right after this credit was enacted, to 2018, when it decided that we didn't qualify anymore and set out that revenue ruling. From that whole time period, the publication and the form listed butane as a liquefied petroleum gas as an alternative fuel that would qualify for the credit. And so that's the guidance that the IRS was putting out into the world until it issued that revenue ruling in 2018. And that, I think, is much more telling than anything that the government is suggesting about who claimed the credit or who didn't, because that's not in the record. You know, one of the things that we think is pretty important is that if you look at the government keeps trying to discuss the taxable fuel side of things. But what you need for the mixture is an alternative fuel plus a taxable fuel. And if you look to the definition of alternative fuel, the statute was very clear there. Congress gave a list of seven things that qualify as alternative fuels, and one of them is liquefied petroleum gas. And butane, by every dictionary, scientific, et cetera, definition counts as a liquefied petroleum gas. You know, we have in our opening brief just page after page to show this this consensus was out there. And so the fact that butane so clearly is on the list of alternative fuels, I think, is another reason that suggests why the government is wrong to try to expand the idea of taxable fuel to just like swallow up alternative fuels. It just it doesn't make sense for purposes of the credit to have this very broad conception that everything mixed into gasoline counts as a taxable fuel when you have a credit that is designed to incentivize mixing certain things into into gasoline. There are just parts that of the alternative fuel definition that are completely swallowed up by the government's view and could never could never count as alternative fuels because the government would say they're taxable fuels. And if you think of the if you think of the AFM credit as A plus B, a taxable fuel plus an alternative fuel. Why why is it that the district court is wrong, saying that, you know, butane plus butane does not equal an alternative fuel mixture? Well, it's not butane plus butane. It's butane plus gasoline. And so we do think that there are two different things that are at issue. Butane as a taxable fuel plus butane as an alternative fuel equaling in your client's view, an alternative fuel mixture, is it not? Because the credit is the component of of two terms that require definition, a taxable fuel, right, and an alternative fuel. And it here that everyone is focused on is butane. What is butane? Right. And my point is that butane by itself would never qualify as a taxable fuel. It doesn't qualify because Congress gave us this very narrow definition of taxable fuel that only refers to subparagraph A through C. But it also doesn't qualify because even if you go down to the broader conception of gasoline in A2, it says that butane only counts under that when it's a component of gasoline, when it's added into gasoline. And that's not the only statutory language that says that there's a separate statutory section that comes after section 6427H1, which says that butane by itself isn't taxed. And then there's a regulation that says the same thing. Butane alone is not taxed if it's not used to produce gasoline. That's 48.4081-4A. And then, of course, the government's position that butane by itself is a taxable fuel is inconsistent with their own regulation, which lists butane for the excise purpose by itself as an alternative fuel. That's 48.4041-8F. I understand that's a lot of citations and regulations, but I just want to make the point to the court that the government's view just requires it just like wormhole after wormhole, just doing great violence to the tax. And it makes some of their own regulations superfluous. So I guess just to make sure I've answered the question, we just we don't think that they're the same thing. We think that butane only qualifies as an alternative fuel. And by itself, it would never be a tax. And there's an easy. How common is this blend? There's nothing in the record about how common it is. I think the government suggests that all the government says that all gasoline includes butane. That's just not true that all gasoline has butane blended into it. The only way that the government statement is true is that is that there are trace amounts of butane that are left over from the refining process. So when you actually like make gasoline, there's some like trace amounts of butane and people don't go through the expense of trying to purify it all out. But that's not what the credit is about. The credit is only if you blend butane into gasoline. And we know that not everyone does that because we didn't do it until 2012. And there's nothing in the record about what anyone else is doing. There's nothing that's ascertainable about how common this fuel blend is on the market, either at the time the credit was enacted or now. There's nothing that we have found in our record, and there's nothing that I have found from Internet searches, and I don't think there's anything that the government has cited other than an assertion of the district court that most, if not all, gasoline includes butane. And we don't dispute that there's trace amounts of butane. But we do dispute this idea that everyone is blending it in. There's just nothing the government cites that I think gives that that says anything about that. And I guess I would just remind the court that the government's own guidance said that butane, this is the publication 510 and form 720, said that butane qualified for the credit as an LPG. So that's the that's the that's the guidance the government was putting out into the world from 2006 until 2018. If the court doesn't have further questions, I'll reserve the remainder of my time for rebuttal. Thank you. That's fine. Thank you, Ms. Good morning. May it please the court. Judith Hadley from the Department of Justice representing the United States. The government's argument in this case is based on what Congress said, and it's actually a simple reading of the text. To qualify for the credit, a taxpayer must blend two different fuels, taxable fuel and alternative fuel. Taxable fuel is defined to include gasoline. Gasoline is defined to include gasoline blend stocks and gasoline blend stocks are defined to include butane. That has been the case since 1992. That classification reflects the undisputed fact that blending butane and gasoline is a longstanding step in gasoline production. As the district court found its butane is present in essentially all gasoline sold in this country. The taxpayer did not appeal that finding in its opening brief. We have sites in our brief, including citations to Venture's own briefing that it filed in its patent infringement suit, the Sunoco, where it described how butane blending is common, dating back since the 60s at the refineries and then at terminals since the 90s. Butane, Venture's argument that butane is not a taxable fuel is premised on disregarding the definition of gasoline in the statute, and that argument conflicts with both the statutory language, case law and common sense with regard to the statutory language. The definition of gasoline in 40, 40, 83, a two applies for purpose of all of 40, 83. That's set out in the prefatory language at the beginning of the statute, the first five words for purposes of the subpart, subpart, including, of course, 40, 83, 64, 26, E2, which is the credit provision, incorporates gasoline from 40, 83, and gasoline is used in 40, 83 has a very specific meaning. As the case law makes clear, when a statute or regulation includes an explicit definition, the court should apply that definition. We cite this in these cases on page 48 of our brief, and that's what the district court correctly did here. The definition of gasoline term used in 40, 83, a one includes gasoline blend stocks. They are components of gasoline, and this is a matter of common sense. If Congress wanted to use gasoline divorce from its meaning in Section 40, a three, it would have used gasoline in Section 64, E2, without incorporating it by reference to 40, 83. It doesn't make any sense. Venter's argument that Congress used a different definition of taxable fuel for the tax credit than for the tax is incorrect and misread the statute. Congress used the exact same definition of taxable fuel for both the credit and the tax. Taxable fuel is three substances, diesel, gasoline, diesel fuel, and kerosene. A2 doesn't expand that category. It gives meaning to what Congress meant in 40, a three, a one by the term gasoline. There's a single definition of taxable fuel set out in 40, 83, a one and in 40, a three, a two, and a three define two of those types of taxable fuel, gasoline in a two, diesel fuel in a three. We'll point out that Venter's novel rule of interpretation that you ignore the statutory definition of cost reference terms. It's unsupported by any of the case law that it cites and would create somewhat of a nightmare for the tax code, which, as we pointed out in our brief, frequently cross references terms that themselves include terms that are defined outside the cross reference. We provide the one example involving the social security tax, which we detailed on page 59 of our brief. I don't want to get in those details unless the court has questions, but I do want to point out that that's just one example. And this is common throughout the code and that when Congress incorporates a word by reference to another statute like gasoline and 40, a three, it is incorporating the meaning of that word as used in the cross reference statute. Now, with regards to Venter's sort of alternative argument, related argument that butane is not a taxable fuel until it's actually used to produce gasoline, that conflicts with the statute and actually doesn't further Venter's cause in this case. That limitation is not contained in the language of 40, a three. Gasoline blend stocks are defined to be gasoline for purposes of the statute. And Section 40, a one imposes a tax on all gasoline, including gasoline blend stocks when they're removed from a refinery or from a terminal or sold in certain circumstances. The language of 6427H, which Fincher referenced, that's the payment provision. This actually makes the government's point because it provides a payment for the tax imposed on the gasoline blend stock, which is not used to produce gasoline. That's the language in the statute. So the fact that the code refunds the tax on gasoline blend stocks are not used to make gasoline. Evidence is that the tax is imposed before the blend stock is actually mixed together with other substances to produce gasoline. Ms. Hagley, can I ask you a question? Because I want to make sure that I understand your point. Sure. And I'm not sure I followed what you just stated. Are you saying that because of the regulation in 4081-1 and the definition of gasoline blend stock as including just butane free standing, that there's no requirement that it be mixed, as U.S. Fincher is arguing? Is that the point? To be a taxable fuel, that's correct. All butane is a taxable fuel, and most of the butane in this country that is consumed is used to make gasoline. We point this out in the statute. Okay, and the source of the authority for that point is the implementing regulation definition of gasoline blend stock. Right. Well, it's also the statute. The statute says any gasoline blend stock identified by Treasury, and Treasury in the U.S. qualifies butane as one of those blend stocks. Yeah. With regard to regulations, Ventra misreads the 48.4041 regulation, which defines special motor fuels. This is a regulation that dates back to 1960. That regulation has always, since 1960, carved out from the scope of alternative fuels, then called special motor fuels, including liquefied petroleum gas, any substance that is taxable under 4081. So that regulation begins with the broad definition of liquefied petroleum gases as including a number of gases, propane, butane, and pentane, and then says unless that substance is taxable under 4081, both pentane and butane are listed gasoline blend stocks and thus are taxable under 4081. So this leaves essentially propane to be what's intended by liquefied petroleum gas. This understanding of what liquefied petroleum gas within the meaning of 4041 and 6426 is consistent not only with Ventra's own understanding when it was originally adding butane to gasoline. We cite document 50-14 on page 53 of our brief, where in August of 2016, or I'm sorry, April of 2016, the tax department was asked, well, can we get a credit for the butane under 6426? And the tax department's initial position is no. It's our understanding that liquefied petroleum gas is specific to propane. And this is consistent with the government reports that Ventra has cited in its brief reports from the Energy Department and from the EPA that in the context of alternative motor fuels, the butane, we don't dispute that, but to a specific substance referred to as propane autogas, propane HD5. We detail this on page 51 and 52 of our brief. It's a very specific mixture that must contain at least 90 percent of propane and then some various other gases, including butane. But because of that high level of required propane, it's referred to as propane sometimes or propane autogas. And that was certainly Congress's understanding from the reports, both enacting the credit and in subsequent subsequent reports. Whenever the credit was reenacted, Congress frequently referred to liquefied petroleum gas, propane are also referred to as propane. And in fact, in 2015, as we explained in our brief, I believe it's page 34 when it for both the tax and the rate of the credit for liquefied petroleum gas. It used the Energy Department's conversion rate, not for butane, which has its own energy content, but the energy content for liquefied petroleum gas, which, again, the Energy Department viewed as a specific substance, propane autogas. Ms. Hagley, don't you think this this is the weakest prong of your argument, in my view, because it does seem it does seem that as a canon of statutory construction, you want to define the term liquefied petroleum gas to to reflect and embody its common understood meaning, especially the meaning within the industry that's being taxed. And it just seems undisputed to me that liquefied petroleum gas in the industry is understood to include butane. Two points to that, actually, right now, I mean, number one, this is not our primary argument. Our primary argument is that butane is a taxable fuel. It's a district court. I understand that. Yeah, this this part right here, this point right here is precisely what what has created the loophole. Right. But that's because the promoters and taxpayers who joined up with this plan beginning in 2016 ignored the rules of statutory construction. The context is critical, right? And the context here is not just chemistry. It is automotive transportation fuels. And in that context, LPG is understood to be a specific substance. It's the it's the it's the mixture. And to the extent that there's any doubt there's there's another principle of statutory construction, the credits are interpreted narrowly. They must be statistically provided for. So to the extent that there's a broad definition of LPG and a narrow definition of LPG, it would be the narrow one that applies. And again, Venture's own understanding of the what was meant, you know, they started blending in 2012. They didn't claim this credit on their original returns. They didn't claim it until August of 2016 when they filed amended returns. I'm not saying that's just positive. Taxpayers can change their mind, but I'm just saying to the extent of trying to cast our interpretation of something counter to common sense, it's that was their own interpretation for many years, as well as the tax bar at large. We did not claim this credit for the first decade that it was available. Ms. Hagley, to follow up on your contextual point, if we could step back and take a broader view of this excise tax scheme, what what's the point of the tax? It's to raise money for what? Oh, for the highway trust fund. And I think that's actually discussed in the Sunoco decision, the tax Sunoco decision that we give some of the background. Right. And so the point of the tax and all of these defined terms is to to cast a wide net for this collection of funds for the highway fund that covers the waterfront of transportation fuels, if I'm understanding this correctly. Is that right? That is correct. And then the credit is provided to provide incentives for development and use of alternatives to conventional gasoline and other traditional fuels. And speaking to that point, taxpayers argument that using butane to produce gasoline serves the purpose of the alternative fuel mixture credit conflicts with the language itself of the statute, because gasoline blend stocks are included within the definition of gasoline because they are components of gasoline, not alternatives to gasoline. So in some ventures, interpretation is actually requiring the court to ignore a number of things, to ignore the statutory definition of gasoline, to ignore that Congress and Treasury expressly classify butane as gasoline, a taxable fuel long before the credit was enacted, ignore that alternative fuels and taxable fuels are mutually exclusive and ignore that including butane and gasoline production is just how gasoline has long been produced. And the district court directly followed the text and the context and purpose of the statute and denied the refund claim in this case. And unless the court has any further questions, the government rests on its grief. All right, thank you very much, Ms. Zaharsky. Very much. Now, the government's arguments here really just are based on the policy policy arguments and not the text of the statute. And we think that they're wrong on both. I'd like to start with Ms. Zaharsky first, and I, I perceive this to be not a policy based argument, but a contextual argument. And every statutory scheme has to be understood within its particular context. And that's not a sin against textualism. So let's just all agree on that. We do take into account statutory context when we interpret statutory text. Sure. And I think that the context here really supports our view. And it starts, I think, from the discussion that you were having about the purposes of the excise tax. That definition in A1, A2 and A3 tries to swallow up everything that's put into the fuel that's sold at the pump because that's all going to be used on the highways. And so let's make that definition really broad. But then when Congress was defining taxable fuel for purposes of the credit, it used a cross-reference to the first part, subparagraphs A, B and C of A1. And the reason that Congress did that is because those are the traditional fuels that are mixed in with alternative fuels. And so I know the tax code is complicated, and I think it is really important to take account of the context. And Congress made that clear to us because it used language like for purposes of this subpart, for purposes of this section. So when it provided definitions for the taxable fuel, it said this is for purposes of the excise tax. But then when it enacted the credit, it said this is for purposes of this section. And so Congress told us what it wanted to do by both saying, you know, these are definitions. Here's what the definition is. It's these specific things. But then also the definition is for this specific context. And I just think that the government's view just ignores that. It seems to make the cross-reference superfluous. And it just it goes beyond, you know, what Congress in what Congress actually enacted. The other point I wanted to address on the textual side is that the government says that all butane is a taxable fuel. And that's just not consistent with the government's own regulation. That's 40-40, the 40-41 regulation, HF, which lists butane as an LPG, as an alternative fuel. So it's not just making the cross-reference superfluous, it's making their own regulations either superfluous or it's inconsistent with them. I don't know the right way to explain it. But then, you know, I would say the broader context based textual problem is that the government's very expanded conception of taxable fuel swallows up things that are pretty indisputably alternative fuels, not just butane, which I think is under any definition a butane derived from biomass, fuels, certain fuels created through the Fischer-Tropsch process. These are highlighted in the amicus brief that Bolero filed. And actually, the government admits that some of them are problems because then it has this new argument, which I understand might seem hard to follow, but it's actually very telling. The government has this new argument that, well, it has to be a petroleum product. It has to be petroleum derived to actually count as a taxable fuel. And so it tries to solve the problem of overlap that way. But if you actually accepted that argument, which the government made for the first time in its appellate brief, our own butane wouldn't count because 90 percent of the butane sold in the country, including a significant amount of the butane we use, isn't derived from petroleum. So even if you kind of go down the different paths that the government sets out, it gets you to a point where our own fuel would not be considered a taxable fuel. On the policy side, I think it's true that some people were blending butane with gasoline. We don't have any numbers or percentages. We know that we weren't doing it until 2012. I think it's OK for Congress to decide to incentivize something people are already doing. It does that, for example, for the homeownership tax credit just because it wants to encourage more of it. And that especially makes sense when you're talking about blending in an alternative fuel, because the more alternative fuel that you use, the less gasoline you have to use. And that's better in terms of not using fossil fuels or oil reserves. It's better in terms of better for the environment, et cetera. And I think it's, you know, the government here says, you know, suggests that this is some kind of windfall. But, you know, we paid the excise tax on our fuel to the tune of six hundred and fifteen million dollars. This credit, if we received it, would be only for about forty million dollars of that. And so I just don't think it's right to suggest that, you know, we're claiming something that we're not entitled to. The statute pretty clearly covers butane as a liquefied petroleum gas. And then the last suggestion that the government makes about a thumb on the scales, it says, well, if a taxpayer wants a credit, there's a thumb on the scales in favor of the government. First of all, this is just a statutory interpretation case. Either we're covered or we're not covered. There isn't any precedent of this court that says that you can put a thumb on the scales for credits. There is perhaps a narrow canon of interpretation for exemptions from tax because there's this broad idea that all income is taxable. And so if you want an exemption from it, you really have to prove it. But this is a credit where Congress was trying to encourage certain behavior. So I guess where this leaves us, at least in my view, is that the court really has a choice between our position and the government's position. And our position is a straightforward reading of the statutory text. You just read the language that Congress gave to define alternative fuel for the very specific cross-reference for taxable fuel. And all the words have meaning and nothing superfluous and no regulation is superfluous. It all makes sense. And butane, giving the credit for butane, actually furthers the purposes because butane is better in terms of less greenhouse gas emissions. And it means that you don't have to use as much gasoline. So it's better for reducing dependence on foreign oil. And then on the other hand, you've got the government's position, which frankly just leads to one interpretive problem after another. It makes the cross-reference the exact definition of taxable fuel that Congress gave for purposes of the credit just makes it superfluous. It just cuts out that language. Then if you look to this broader section, 4083A2, it expands taxable fuels to swallow up alternative fuels. Then because it does that, the government has to make this new argument in its brief about how it has to be a petroleum product, meaning actually derived from petroleum in that batch. And ours isn't under that definition. I think the fourth problem is the government's position ignores that butane alone would never be considered a taxable fuel. And their own regulation says that. And then, you know, not to pile on, but like it, which is with the alternative fuel definition, it just cuts out butane from the definition of liquefied petroleum gas. And I'd point the court again that their own publication and their own form, the one you use for seeking this credit said that butane was covered. And so for all of these reasons, we'd suggest respectfully that the court reverse the district court. All right. Thank you very much. Our thanks to both counsel. The case is taken on.